**IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | **No. CR-23-183-JFH** |
| **LANDON JOE BLACK,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Landon Black, by and through the office of the Federal Public Defender and its attorney, Jarred Jennings, hereby advises this Court of his objection to the Government's motion for protective order. (Dkt. # 29 & 32). Defendant argues that the proposed protective order is overly broad, restricts Defendant's right to effective assistance of counsel, the right to participate in his own defense, and furthermore, that the Government failed to show good cause for why a protective order is necessary. Defendant has been provided with no meaningful discovery pending resolution of this issue and would request an expedited hearing so as not to delay trial in this matter. In support of such request, Defendant states as follows:

### Argument and Authority

Rule 16 of the Federal Rules of Criminal Procedure govern discovery. The rule requires the prosecution to provide, upon request, discovery that is "material to preparing the defense [or that] that the government intends to use in its case-in-chief," and lists certain categories of evidence that must be turned over without regard to materiality. Rule 16(a)(1)(E) provides that, upon a defendant's request:

…[T]he government must permit the defendant to inspect and to copy or

1

photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense…

The government has a duty to search other agencies' files when the other agency is closely aligned with the prosecution. *See United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. 1992). It is not enough for the prosecutor to rely only on what is in his or her possession.

Counsel understands there is no general constitutional right to discovery. *Weatherford v. Bursey*, 429 U.S. 545, 559 (19977). Instead, discovery is limited to that required by Rule 16 and other related rules of procedure as well as "what might loosely be called the area of constitutionally guaranteed access to evidence." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). The absence of a constitutional right as to all categories of discovery should not minimize the importance of providing a defendant documents related to his case. The Supreme court has stated that "discovery, like crosse examination, minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony." *Taylor v. Illinois*, 484 U.S. 400, 411-12 91988). As a result, Rule 16 was intended "to expand the scope of pretrial discovery" as well as to "guard against possible abuses." *United States v. Iglesias*, 881 F.2d 1519, 1523 (9th Cir. 1989).

Authority for the Government's proposed protective order is found within Rule 16. Rule 16(d)(1) provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." A showing of "good cause" requires a showing of specific and serious injury that will occur in the absence of such an order. "Good cause is established on a showing that a disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning, do not support a good cause

showing." *U.S. v. Wecht*, 484 F.3d 194, 211 (3rd Cir. 2007)(Citing *Pansey v. Borough of Stroudsburg*, 23 F.3d 772 (3rd Cir. 1994).

Protective orders deprive defendants of "access to the raw materials integral to the building of an effective defense", and the Government has not presented good cause for this Court to grant one. *Ake v. Oklahoma*, 470 U.S. 68, 76-77 (1985). The reasons specified in the Government's motion for a protective order are ambiguous and do not clearly define any injury that will occur without an order. Instead, it references the fact that some of the discovery material contains sensitive information regarding minors and an ongoing operation. (Dkt. # 29 & 32). However, the Government did not state whether there is an actual ongoing investigation this would specifically hinder, nor did it state how the discovery would impact any potential investigations.

Defendant should have meaningful access to discovery materials in his case. The Government is asking this Court to apply onerous restrictions on the "Defense Team" without demonstrating a good cause. The Government may argue that Defendant's counsel has unfettered access to the discovery and that the access of counsel is sufficient to guarantee a fair trial. However, the discovery clearly belongs to the Defendant and not his counsel. Rule 16 makes repeated reference to the Government's obligation to turn the discovery over "to the defendant" not the defendant's attorney. Nobody has more reason or need to review these documents than a defendant facing imprisonment if convicted.  Providing access to counsel is insufficient to ensure effective assistance of counsel and a fair trial, especially without proper justification.

Counsel for Defendant will rely heavily on Defendant's careful review of the discovery. The need for Defendant's assistance in his own defense, considering what he faces if convicted,

3

cannot be overstated. Defendant needs to review his discovery continuously, not merely when counsel has time to sit down with him at a county jail.

Counsel cannot be effective if deprived of the assistance of Defendant in reviewing transcripts, recordings, police reports, and other documents. The Sixth Amendment's right to counsel is the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). The Government frustrates the right to effective assistance when it interferes with the ability of counsel to make independent decisions about how to conduct the defense. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). It is important that Defendant read, review, and have access to his discovery. If the undersigned counsel cannot leave Defendant with the discovery in his case, it will arguably deprive Defendant of his right to effective assistance. Furthermore, the attorney's time and resources used just to sit with Defendant while he reviews documents will take valuable time away from other clients for whom counsel has been appointed. The costs of the proposed protective order in this case are substantial, especially considering there is no harm it will prevent.

The protective order in the instant case is overbroad. Although Defendant does not know what is contained in the discovery at present, there is no doubt that at least some of the materials should not be covered by the protective order sought. If the Government has particular documents it is concerned about, then it should move for a protective order as to those documents, not all documents.

**WHEREFORE**, Defendant argues that the protective order sought frustrates his right to Due Process and objects to it. Defendant further requests a hearing or written justification in compliance with Rule 16(d)(1) where the Government would be required to demonstrate good cause to support the need for a protective order. If such good cause exists, Defendant requests

that the protective order be no more restrictive than necessary to accomplish the purpose of such

order.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott A. Graham, Federal Public Defender

By: /s *Jarred Jennings*
Jarred Jennings, OBA No. #34525
Assistant Federal Public Defender
112 North Seventh Street
Muskogee, Oklahoma 74401
(918) 687-2430
Jarred_Jennings@fd.org
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on November 7, 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all parties:

Anthony Marek
Assistant United States Attorney
Eastern District of Oklahoma

*s/ Jarred Jennings*
Jarred Jennings
Assistant Federal Public Defender