IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CR-183-JFH |
| ) | |
| LANDON JOE BLACK, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENTS APPEAL OF MAGISTRATE JUDGE SNOW'S ORDER**

Landon Black, by and through his counsel, Assistant Federal Public Defender, Jarred Jennings, pursuant to Local Criminal Rule 18 U.S.C. § 3145, respectfully moves this Honorable Court to affirm the order of United States Magistrate Judge D. Edward Snow releasing Mr. Black on pretrial conditions and to enter an order setting conditions for release under 18 U.S.C. § 3142(c)(A)&(B).

## I.     PROCEDURAL HISTORY

Mr. Black is named in a four-count Indictment that charges him in Counts 1 & 2 with Sexual Exploitation of a Child/Use of a Child to Produce a Visual Depiction, in violation of 18 U.S.C. §§ 2251(a) and (e), Count 3 with Advertisement of Certain Material Involving the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2251(d) and (e), and Count 4 with Possession of a Certain Material Involving the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2). (Doc. 3.) The United States filed a motion for pretrial detention (Doc. 8). The basis of which was the allegations involving multiple minor victims. A detention hearing was held on October 30, 2023 before United States Magistrate Judge D.

Edward Snow (Doc. 19).

First, Magistrate Snow found that Mr. Black had presented sufficient and credible evidence to rebut the presumption of detention. Next, the Court held that the Government had not met its burden to show by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of the community if Mr. Black were to be released. The Court further held that the Government has not shown by a preponderance of evidence, that no condition or combination of conditions will reasonably assure Mr. Black's appearance if released. At the conclusion of the hearing, the magistrate judge ordered Defendant released with conditions. (Doc. 27.) The United States orally announced its intent to appeal the magistrate judge's release order, (Doc. 24), and filed a summary notice of appeal the same day (Doc. 23).

## II.   APPLICABLE LAW

### A. Release on Conditions

18 U.S.C. 3142 (c) "If the judicial officer determines that the release described in subsection (b) (release on personal recognizance) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person – (A) subject to the condition that the person not commit a Federal, State, or local crime during the period of release . . . (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ." 18 U.S.C. 3142 (c)(A)&(B).

B. **Standard of review**

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." United States v. Cisneros, 328 F.3d 610, 616 n. 1 (10th Cir. 2003) (citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985)).

### III.   ANALYSIS

A. **Charged Conduct**

   a. The nature and circumstances of this case are important to consider because, as noted by the Court, this a case that involves multiple minor victims. Which was of "foremost of importance to the Court."

B. **Evidence regarding 3142(g) Factors**

   a. <u>Nature and circumstances of the offense charged</u>

The allegations in this case are limited to internet communication. No attempts were ever made to meet up with any of the victims. The Indictment contains no allegation of any physical contact. Because the allegations are limited to internet communication, the Court and Probation determined that there is a combination of conditions that can reasonably alleviate the Court's concerns about the danger to the community if Mr. Black were ordered to be released on conditions.

   b. <u>The weight of the evidence against the person</u>

The Court agreed with the Government that there does appear to be strong evidence linking Mr. Black to the suspect in this investigation, however, other factors mitigate strongly against detention. The Court also highlighted Probation's ability to place conditions on Mr. Black that would essentially block his ability to access and utilize the internet, easing concerns of the Court

while reasonably assuring the safety of the community.

    c. <u>History and characteristics of the person</u>

Mr. Black has lived in Stillwell his entire life and at his current residence for the last eleven (11) years, where he played high school sports on the track and football team. At the detention hearing, the Court emphasized that Mr. Black has no prior criminal history and no history of violence. The alleged crimes were committed in or about April 2021. Mr. Black has been out and aware of these charges since December of 2022 when his home was searched. There is zero evidence that he has participated in any criminal activity during that time. There is also no evidence that he has ever participated in criminal activity while on probation, supervised release, or any form of judicial sentencing. Nor is there any evidence that Mr. Black is a flight risk as Mr. Black has zero failure to appears or any criminal record at all. The Court highlighted factors such as that Mr. Black will be in the custodial care of his father while living in a stable residence they have resided in for a significant amount of time, eleven years.

The Court also highlighted, contrary to many defendants who appear before the Court, that there is no evidence of substance abuse or alcohol related issues. The Court further noted that there was no evidence offered about Mr. Black's mental state. Defense Counsel reports that he has no mental health diagnoses and has never been confined due to any mental health concern. Despite the Government's argument that Mr. Black is likely to self-harm, no evidence was presented other than lack of employment to suggest either a desire to self-harm or of any mental health issues beyond what are reasonable for a person in Mr. Black's situation.

Mr. Black has attended the same church, Salem Baptist Church, for nearly eleven (11) years, with great attendance. Reverend Gary Flynn, of Salem Baptist Church, wrote and signed a character letter for Mr. Black explaining that he has known Landon for over ten (10) years and that

Landon was baptized at Salem Baptist. Reverend Flynn writes that he knows Mr. Black to be a sincere and faithful member of their church. Decan Dan Kirk also writes that Landon is a friendly, funny, and nice young man with a good attitude who tries to help whenever he is needed with work around the church.

> d. <u>Nature and seriousness of the danger to any person or the community that would be posed by Mr. Black's release.</u>

The Court and Probation both determined that there are conditions which would reasonably assure the safety of the community and the appearance of Mr. Black as required. The Court further noted that with so many conditions available to alleviate the Court's concerns, there is very little it could do as it is required to go with the least restrictive means available to reasonably assure the community's safety and Mr. Black's appearance.

The Court noted the pretrial services report, which indicated that there is a combination of conditions that will reasonably assure the safety of the community and Mr. Black's appearance as required. The Court specifically highlighted United States Probation's ability to monitor and extremely limit or completely block Mr. Black's ability to have access to the internet while he is under home detention. Furthermore, as stated by agent Austin McCourt during Defendant's cross examination at the detention hearing, this investigation has been going on one and a half years. During this time, the government did not expedite the investigation due to the dangerousness of Mr. Black.

The biggest concern, given the nature of the offense, is that Mr. Black may commit a similar offense if released on pretrial conditions. First, Mr. Black has been aware of these charges and investigation since a search warrant was served on his home in December of 2022. Since that time Mr. Black has remained in the same home without absconding or any new evidence of

misconduct, similar to the offense or otherwise. Both the Court, who heard the evidence, and the United States Probation Office, who is responsible for implementing and monitoring the conditions, agree that there are conditions that can block or limit Mr. Black's access to the internet, including third party monitoring by his parents.

Although the Government argues that Mr. Black's parents are the same people watching him as before, they were not aware that this was an issue in the past, however, they are aware of the issue now, and they know what to watch for and how to monitor it. Lastly, the Court, after speaking with Mr. Black's father, was convinced that he will participate in helping monitor and prohibit Mr. Black from accessing the internet.

## CONCLUSION

For the reasons set forth in this response, Mr. Landon Joe Black respectfully requests that this Court affirm Magistrate Judge Snow's decision ordering the release of Mr. Black with conditions.

    Respectfully Submitted,
OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott A. Graham, Interim Federal Public Defender

By:  s/Jarred Jennings
Jarred Jennings, OBA #34525
Assistant Federal Public Defender
112 N. 7th St.
Muskogee, Oklahoma 74401
Telephone: (918) 687-2430
E-mail: Jarred_Jennings@fd.org
*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the November 13, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Anthony Marek
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401

                                            s/Jarred Jennings
                                            Jarred Jennings
                                            Assistant Federal Public Defender