IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>LANDON JOE BLACK,<br><br>    *Defendant*. | Case No. CR-23-183-JFH |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

  Upon the motion of the United States and having found good cause exists to regulate the dissemination of discovery pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

  1. This Protective Order governs all discovery material in any format (written or electronic), and information contained therein, that is produced by the government in discovery in the above-captioned case, including any copies that might be made of such materials.

  2. Subject to 18 U.S.C. § 3509(m)(1) and (m)(2), the United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

  3. The attorneys of record and members of the defense team may display and review the discovery materials with the defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the discovery materials to the defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the

defendant or other persons.

4. Pursuant to 18 U.S.C. § 3509(m), discovery material that contains child pornography shall remain in the custody of the government and will be made reasonably available for review by the defense.

5. Any discovery material, or information contained therein, that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court.  This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. Any information related to a minor victim or witness's name, school, social-media handles, user IDs, home addresses, birth dates, photographs or visual depictions, and any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a) that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court, under 18 U.S.C. § 3509(d).  Any publicly filed or disseminated documents that refer to any minor victim or witness shall do so by a generic name, such as "Minor Victim 1."

7. Any violation of any term or condition of this Order by the defendant, the defendant's attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. The defense team shall use discovery only for the preparation and litigation of this matter, and for no other purpose.  Litigation of this matter includes all pretrial, trial, and post-trial

proceedings in this Court, any appeals, and any motion filed by the defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion).  Upon the final disposition of this case, any materials designated subject to the Protective Order shall not be used, in any way, in any other matter, absent a court order.  All discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court.  Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of the defendant, the defense team shall either return all discovery to the United States Attorney's Office within 10 days of conclusion of the case before this Court, or, if an appeal is taken, upon completion of such an appeal, or destroy all discovery and certify to the United States Attorney's Office that it has been destroyed.

9. Counsel for the defendant shall discuss this Protective Order with the defendant, who is also bound by the terms of this Order.  The defendant and his counsel are required to give a copy of this Protective Order to all individuals engaged or consulted by defense counsel to assist in this case.

10. The parties shall keep all discovery materials in a secure place to which no person other than members of the defense team has access.

11. The defense team shall not disseminate any notes or records of any kind that concern or otherwise relate to the contents of discovery materials except to members of the defense team.  All such notes or records are to be treated in the same manner as the original discovery materials.  This Order does not prevent the defendant and his counsel from discussing the case with third parties in connection with the preparation and litigation of this matter.  However, it does prohibit the defendant and his counsel from disclosing any personally identifying information of any victim or minor child or any law-enforcement investigative technique other than to members of the defense team.

12. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

Dated this _____ day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE