IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CR-183-JFH |
| ) | |
| LANDON JOE BLACK, ) | |
| ) | |
| Defendant. ) | |

**UNOPPOSED MOTION TO CONTINUE JURY TRIAL
AND ALL RELATED SCHEDULING ORDER DATES**

Landon Black, by and through undersigned counsel, moves the Court for a continuance of the jury trial currently set for February 26, 2024, to the May 6, 2024 trial docket. Additionally, Counsel respectfully requests this Court issue a new scheduling order extending all related dates for the filing of motions, responses, trial briefs, proposed voir dire and jury instructions and all related dates. In support of this Motion, Counsel submits the following:

1. Assistant United States Attorney Jessie Heidlage has no objection to the requested relief.

2. On October 12, 2023, an Indictment was filed (Dkt. #2) charging Mr. Black with: Counts One and Two– Sexual Exploitation of a Child in violation of 18 U.S.C. Sections 2251(a) & (e), Count Three – Advertisement of a certain Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. Sections 2251 (d) & (e), and Count Four – Possession of a certain Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. Sections 2252 (a)(4)(B) &(b)(2). Mr. Black appeared for initial appearance and arraignment on the Indictment on October 25, 2023. He is detained pending trial.

3. A Scheduling Order was entered on November 17, 2023 (Dkt. #43), setting the jury trial for February 26, 2024.

4. Counsel's request for a continuance of the jury trial and all related Scheduling Order dates implicates the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Specifically, Counsel represents that the requested continuance falls under Section 3161(h)(7)(A) of the Speedy Trial Act which permits a federal district court to exclude any period of delay resulting from a continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The statute permits a court to consider whether "the failure to grant such a continuance. . .would deny counsel for the defendant. . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted cavalierly and it was intended to be a rarely used tool. *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

5. Defense Counsel acknowledges the interest in a speedy trial belongs not only to the accused in a criminal case, but also to the public. Therefore, even where a continuance is at the request of the defendant, a continuance grounded in the "ends of justice" provision of the Speedy Trial Act, must be based upon a determination that the ends of justice outweigh the *best* interest of the public *and* the Defendant. *Zedner v. United States*, 547 U.S. 489, 500-501 (2006); *See also United States v. Toombs*, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

6. Defense counsel represents to the Court that a failure to grant a continuance in this matter would result in a miscarriage of justice. Defense Counsel needs more time to thoroughly investigate the discovery to determine the need for any motions and notices. On Wednesday,

January 10, 2024, Defense Counsel received an additional 2200 pages of discovery and anticipates there may be more. Defense Counsel has been in discussions with the Government about declaring the case complex. However, at this time, Defense Counsel does not have the information necessary to make the determination about complexity. Therefore, Defense Counsel requests a continuance to the May 6 Jury Trial Docket and a scheduling order conference to help determine any outstanding discovery issues. Finally, Defense Counsel and the Government are in the middle of plea negotiations and need more time in attempt to resolve this matter without the need for trial.

7. Due to the reasons stated, Defense Counsel represents that a continuance in this matter is warranted.

WHEREFORE, in consideration of the foregoing, Mr. Black requests that the jury trial and all related Scheduling Order dates be continued and that the jury trial of this matter be reset to the Court's May 6, 2024 trial docket.

Respectfully Submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Scott A. Graham, Federal Public Defender

By: ___s/Jarred Jennings_____
Jarred Jennings, OBA #34525
Assistant Federal Public Defender
112 N. 7th St.
Muskogee, Oklahoma 74401
Telephone: (918) 687-2430
E-mail: Jarred_Jennings@fd.org
*Counsel for the Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the January 12, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s):

Jessie Heidlage
Assistant United States Attorney
520 Denison Ave
Muskogee, OK 74401

                                          s/Jarred Jennings
                                          Jarred Jennings
                                          Assistant Federal Public Defender