# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-CR-183-JFH |
| | ) |
| **LANDON JOE BLACK,** | ) |
| | ) |
| Defendant. | ) |

## UNOPPOSED MOTION TO DECLARE CASE
## COMPLEX AND TO CONTINUE TRIAL AND SCHEDULING DATES

Defendant, Landon Joe Black, through his undersigned counsel of record, respectfully submits this Motion requesting first, that this case be declared complex; and second, that the current trial date of May 6, 2024 be continued to a trial date in December 2024, with all other dates previously set in this case to be similarly continued. The government does not oppose the relief sought in this Motion. Mr. Black states the following in support of this Motion:

1. On October 12, 2023, a four-count Indictment was filed (Dkt. #2) charging Mr. Black with: Counts One and Two– Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) & (e); Count Three – Advertisement of a certain Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(d) & (e); and Count Four – Possession of a certain Material Involving the Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2252(a)(4)(B) & (b)(2).

2. On October 25, 2023, Mr. Black appeared for initial appearance and arraignment on the Indictment. He is detained pending trial.

3. On November 17, 2023, a Scheduling Order (Dkt. #43) was entered, setting the jury trial for February 26, 2024.

4. On January 12, 2024, Mr. Black filed an Unopposed Motion to Continue Jury Trial and All Related Scheduling Order Dates (Dkt. #52). At that time, defense counsel stated that they did not have the information necessary to make the determination about complexity.

5. On January 19, 2024, this Court entered its Order granting the Unopposed Motion and setting trial for May 6, 2024.

6. On December 1, 2023, the government first produced documentary discovery of 1279 pages, plus media. On January 10, 2024, the government made an additional production of over 2,000 more pages of documentary discovery.

7. Counsel for Mr. Black have met with government attorneys at the FBI Office that handles images and videos that are considered to be potential child pornography. This FBI Office provides special housing of those images and limits access to the images, which includes access by defense counsel. Defense counsel's understanding based on that meeting is that Mr. Black's case involves hundreds of images and videos, but that the government has not yet processed all of the potentially relevant media.

8. Counsel for Mr. Black have diligently begun the review of the discovery and the investigation of the case, but have not yet completed even a first review of the thousands of pages of documentary discovery, excluding all media and the images that are subject to limited accessibility at the FBI Office.

9. The discovery provided thus far by the government is replete with references to investigations and factual background that are unusual in a federal case prosecuted in the Eastern District of Oklahoma. These include (1) alleged victims and/or witnesses located outside of the Eastern District of Oklahoma; (2) FBI agents located outside of the Eastern District of Oklahoma whose investigations apparently have some relationship to the present case; (3) child/adolescent forensic interviewers (CAFIs) who conducted interviews in locations outside of the Eastern District

of Oklahoma and that apparently have some relationship to the present case; and (4) information that the FBI received from Foreign Law Enforcement Agencies (FLAs) that apparently has some relationship to the present case.

10. The discovery provided by the government thus far references multiple devices; IP addresses; email addresses; icloud accounts; web sites; and social media accounts with third party hosts including TikTok, Instagram, Snapchat, WhatsApp, and Grindr. The discovery references one website that allegedly operated on the "Tor Network," which the discovery describes as specifically designed to facilitate anonymous communication over the Internet.

11. The discovery reveals that the government secured orders for disclosure of information from Apple and Google apparently related to the present case, in addition to a search warrant to search Mr. Black's residence.

12. Paragraphs 9, 10, and 11 involve factual, legal, and technical issues that are beyond those ordinarily presented by a prosecution in the Eastern District of Oklahoma. Counsel for Mr. Black will need substantial technical assistance to understand much of the discovery. Review of the discovery will take much longer than the usual discovery produced in most prosecutions in the Eastern District of Oklahoma because it falls outside of the experience of Mr. Black's attorneys.

13. This case will require an extraordinary amount of time by defense counsel to organize, review, digest, and evaluate the discovery. The case will also require an extraordinary amount of time to conduct independent investigation and interview witnesses. Additional time may be required for the retention of and consultation with experts to understand the discovery.

14. The attorneys who have entered their appearances on behalf of the government include Gwendelynn Bills, who is a trial attorney with the United States Department of Justice, Child Exploitation and Obscenity Section. Thus, the attorneys for the government include an attorney

who specializes in cases similar to the present case, whereas the defense counsel do not have such expertise or resources available to them.

15. Mr. Black acknowledges that the interest in a speedy trial belongs not only to the accused in a criminal case, but also to the public. Therefore, even where a continuance is at the request of the defendant, a continuance grounded in the "ends of justice" provision of the Speedy Trial Act, must be based upon a determination that the ends of justice outweigh the *best* interest of the public *and* the Defendant. *Zedner v. United States*, 547 U.S. 489, 500-501 (2006). *See also United States v. Toombs*, 574 F.3d 1262, 1269, 1273 (10th Cir. 2009).

16. The Speedy Trial Act contains a provision to address a complex case:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> …
>
> (ii) Whether the case is so unusual or so complex, due to ... the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

17. Even if the case is not deemed complex pursuant to subsection (ii) of § 3161(h)(7)(B), subsection (iv) provides another factor for a district court to consider regarding a continuance:

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(iv).

18. Defense counsel state that Mr. Black is aware that this Motion will require his waiver of his rights to a speedy trial pursuant to 18 U.S.C. § 3161(h). If the Court grants this Motion and

specifies the dates for which Mr. Black must waive his speedy trial rights that must be included in the waiver, defense counsel will file a waiver executed by Mr. Black as soon as practicable.

19.     Accordingly, Mr. Black requests this Court to declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii); and pursuant to that subsection, or, alternatively, pursuant to subsection 3161(h)(7)(B)(iv), to strike the current trial date of May 6, 2024 and all associated dates currently set, and to set this case for a trial date in December 2024, with appropriate additional associated dates.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER

Scott A. Graham, Federal Public Defender

By: s/ *Barbara L. Woltz*
   Barbara L. Woltz, OBA No. 12535
   Jarred Jennings, OBA No. 34525
   Assistant Federal Public Defenders
   112 North 7th St.
   Muskogee, Oklahoma 74401
   Telephone:  (918) 687-2430

Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that on the 23rd day of February 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant(s): Anthony Marek, Gwendelynn Bills, Jessie Kathleen Pippin.

s/ Barbara L. Woltz