IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LANDON JOE BLACK,<br><br>    Defendant. | Case No. 23-CR-183-JFH |

## OPINION AND ORDER

Before the Court is an unopposed motion to declare case complex and to continue trial and scheduling dates ("Motion") filed by Defendant Landon Joe Black ("Defendant"). Dkt. No. 56. Defendant represents the United States of America ("Government") does not oppose the Motion. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED.

The Indictment in this case charges Defendant with four (4) counts related to the sexual exploitation of minors. Dkt. No. 2. This case involves victims and witnesses located outside the Eastern District of Oklahoma.  Dkt. No. 56 at 2-3. Additionally, the Federal Bureau of Investigation and Foreign Law Enforcement Agencies have conducted various interviews and investigations related to this case outside the Eastern District of Oklahoma. *Id*. Discovery in this case involves thousands of pages of documentary discovery, as well as substantial electronic discovery involving multiple devices, IP addresses, email addresses, cloud-based accounts, websites, and social media accounts on various platforms. *Id*. at 3. Due to the technological complexities of the discovery, defense counsel states that he will require substantial time to review the discovery, as well as technical assistance to understand much of the discovery. *Id*. For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within

the limits established by 18 U.S.C. § 3161.  The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendant in a speedy trial.  Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.  Because of the complexity of the discovery in this case, the Court finds a continuance appropriate.

IT IS THEREFORE ORDERED that the unopposed motion to declare case complex and to continue trial and scheduling dates [Dkt. No. 56] is GRANTED.  The jury trial set for May 6, 2024 at 8:45 a.m. is stricken.  The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery filed: | **4/1/2024** | |
| | **5/3/2024** | |
| | **6/7/2024** | |
| | **7/8/2024** | |
| | **8/2/2024** | |
| | **9/6/2024** | |
| | **10/7/2024** | |
| Notices filed: | **10/7/2024** | |

    This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | | |
|---|---|---|
| Motions filed and objections to notices filed: | **10/15/2024** | |

    Absent good cause, motions in limine shall be filed by this date

    Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | **11/7/2024** | **at 9:30 a.m.** |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | **11/22/2024** | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | **11/27/2024** | **by 4:00 p.m.** |
| Three hard-copy exhibit binders delivered to Court: | **11/27/2024** | **by 4:00 p.m.** |
| Jury trial: | **12/2/2024** | **at 8:45 a.m.** |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court. The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

Dated this 26th day of February 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE